## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**TANYA JONES,**                          *
                                          *
    Plaintiff,                        *
                                          *
v.                                        *          Civil No. **18-3198 PJM**
                                          *
**U.S. POSTAL SERVICE,**                  *
                                          *
    Defendant.                        *

### MEMORANDUM OPINION

On October 22, 2018, *pro se* plaintiff Tanya Jones filed this suit against her former employer, defendant the U.S. Postal Service (USPS), alleging sex and age discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967, as well as retaliation. On October 11, 2019, following multiple extensions, USPS filed a motion to dismiss the complaint or, in the alternative, for summary judgment. On October 15, 2019, Jones received a notice informing her that she had 17 days from that notice to respond to USPS's motion. Twenty-one days later, on November 5, 2019, Jones notified the Court that she had not received the motion to dismiss. On January 5, 2020, USPS informed the Court that it had mailed its motion to Jones on the date of filing, but that it would resend the motion and consent to an extension of time to respond. Accordingly, on January 23, 2020, the Court granted Jones 30 days to respond but warned her that if she failed to file a timely response the Court may enter judgment against her without further notice.

On February 28, 2020, Jones filed a motion for extension of time to file her response, citing health issues. On March 3, 2020, the Court granted her an additional 60 days to respond but again warned her that if she again failed to file a timely response the Court would consider USPS's

motion without her input. In light of the COVID-19 pandemic, Standing Order 2020-07 automatically extended Jones's deadline by 84 days, to July 23, 2020.

More than two months past the deadline, despite the Court's warnings, Jones has not filed a response to the motion to dismiss or otherwise communicated with the Court. Having considered Jones's failure to file an opposition to USPS's motion to dismiss, which otherwise appears to be meritorious, the Court **GRANTS** the motion to dismiss **WITH PREJUDICE**.

## I.

On May 9, 2012, USPS terminated Jones from her position as a lead customer service clerk in Silver Spring, Maryland, where she had worked since July 21, 1984. Jones claims that USPS discriminated against her on the basis of sex and age, as well as in retaliation for an equal employment opportunity (EEO) complaint. She alleges that she was not progressively disciplined, as required by the Collective Bargaining Agreement, before her termination. On November 14, 2013, Jones initiated EEO counseling. On February 1, 2014, Jones filed an EEO complaint alleging discrimination on the bases of sex, age, and reprisal for prior protected activity. Following the EEO's denial of her claim, Jones filed this suit against USPS.

## II.

In support of its motion to dismiss, USPS argues that Jones failed to exhaust her administrative remedies and has failed to allege a *prima facie* case of age or sex discrimination. USPS further argues that it had a legitimate, nondiscriminatory reason for terminating her.

To bring a claim of discrimination under Title VII of the Civil Rights Act, a claimant must initiate contact with an EEO counselor within 45 days after the allegedly discriminatory act or reprisal action. 29 C.F.R. § 1614.105(a)(1). Jones acknowledges that she did not contact an EEO counselor until November 14, 2013, about 15 months after her termination. USPS argues that this

2

delay constitutes a failure to exhaust administrative remedies, to which no potential equitable exceptions should apply.

USPS further argues that Jones fails to establish a *prima facie* case of either discrimination or retaliation under Title VII. Jones offers no specific facts in support of her claims of age and sex discrimination, alleging only generally that "she was treated differently and less [f]avorably than other employees outside of her protected class." Jones also fails to allege that she engaged in any statutorily protected activity for which she may have faced retaliation. USPS alleges that Jones was terminated on May 9, 2012, following acts of "insubordination" and having been absent without leave (AWOL) for approximately 30 days, without a satisfactory explanation. Because of her unsatisfactory job performance and attendance, USPS argues that Jones cannot sufficiently allege job performance that met her employer's expectations and that it had a legitimate, nondiscriminatory reason to terminate her. These arguments, which seem entirely plausible, stand unrebutted, as Jones has never responded to them.

### III.

Under Federal Rule of Civil Procedure 41(b), an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." *See also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (holding that a district court may invoke Rule 41(b) *sua sponte*). Jones has clearly failed to prosecute her case. Despite the Court's warnings, Jones has not met the Court's deadline to oppose USPS's motion, which appears to contain meritorious arguments. In fact, Jones has not had any communication with the Court in approximately five months.

Accordingly, the Court **GRANTS** the motion to dismiss **WITH PREJUDICE**. A separate order will issue.

3

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**